Per Curiam.

The tenants, as copartners, have sued their landlords to recover rent alleged to have been paid in excess of the emergency rent under the applicable sections of the Commercial Rent Law (L. 1945, ch. 3, as amd.). The lease was for a term of ten years commencing October 1,1945. At the foot of the lease, incorporated in the complaint, is the following legend “ This lease is cancelled and null and void, Oct. 7,1948 ”, which is signed by landlords and tenants. The answer sets forth an affirmative defense alleging that on October 7, 1948, “ for a valuable consideration by an instrument in writing and under seal, the plaintiffs and each of them jointly and severally released the defendants and each of them jointly and severally from the alleged claim set forth in the complaint and from any and all other claims that said plaintiffs might have had against said defendants, a copy of which said release is annexed hereto and made a part hereof.” The release annexed to the answer is general in form, without specific reference to the cause of action alleged in the complaint to recover excess rent paid under the Commercial Rent Law.
Defendants appeal from an order granting a motion by plaintiff to strike out the defense based on this release.
The motion by defendants to dismiss the complaint was properly denied. On the other hand, the motion by plaintiffs to strike out the defense of a general release should also have been denied. The pleadings present questions of fact and of law requiring a trial, in order to determine whether the alleged release, and the cancellation of the lease, fall within the anti-waiver provisions of the Commercial Rent Law under the circumstances of this case, and whether it was the intention of the parties to discharge and cancel any legal liability which may *761 exist against defendants by reason of the payment of any excess rent under this emergency statute. (See Simon v. Simon, 274 App. Div. 447.)
The order granting plaintiffs’ motion to strike out the affirmative defense of release should be reversed, and said motion denied, and the order denying defendants’ cross motion to dismiss the complaint should be affirmed, without costs.
Peek, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order [entered July 28, 1949] unanimously reversed and the motion denied. Settle order on notice.
Order [entered July 29, 1949] unanimously affirmed.